UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEN and WENDY RODGERS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-0998-B |
| | § | |
| R & L CARRIERS, INC., R & L | § | |
| CARRIERS SHARED SERVICES, LLC, | § | |
| and HYSTER-YALE GROUP, INC., | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiffs' Motion to Remand (Doc. 9). For the following reasons, the

Court **DENIES** Plaintiffs' Motion.

I.

BACKGROUND

This case arises from injuries sustained by Plaintiff Ben Rodgers while employed by

Defendants R & L Carriers, Inc. and R & L Carriers Shared Services, LLC (collectively, "R & L").

Doc. 1-5, Orig. Pet. & Req. for Disclosure 1–2. Allegedly, as Mr. Rodgers and a fellow employee were

walking in R & L's loading dock area, Mr. Rodgers was struck suddenly by a forklift, which was

operated by an employee who was wearing earphones and listening to loud music. Doc. 1-20, Second

Am. Orig. Pet. & Req. for Disclosure ¶ 4 [hereinafter Second Am. Pet.]. At the time of the incident,

R & L did not subscribe to the Texas Workers' Compensation Act ("TWCA"). Doc. 9, Pls.' Mot.

to Remand ¶ 2.

After sustaining his injuries, Mr. Rodgers, along with his wife, Wendy, (collectively, "the

Rodgers"), sued R & L in Dallas County court for negligence, gross negligence, and negligence *per se*. Doc. 1-19, First Am. Orig. Pet. & Req. for Disclosure ¶¶ 4–6, 8–13. The Rodgers later joined Hyster-Yale Group, Inc. ("Hyster-Yale") in the suit, bringing a products liability claim for the forklift's alleged defects. Doc. 1-20, Second Am. Pet. ¶¶ 16–25. Hyster-Yale, with R & L's consent, then removed the case to this Court under 28 U.S.C. § 1332, and Plaintiffs moved to remand, arguing that the TWCA precludes removal. Doc. 1, Def. Hyster-Yale Group, Inc.'s Notice of Removal 1, 4 [hereinafter Notice of Removal]; Doc. 9, Pls.' Mot. to Remand ¶ 5. R & L responded, arguing that the claims do not arise under the TWCA and, thus, are removable. Doc. 11, Defs.' Mem. in Opp'n to Pls.' Mot. to Remand 1 [hereinafter Defs.' Resp.]. Plaintiffs' time for a reply having passed, their Motion is now ready for review.

## II.

## LEGAL STANDARD

A defendant may remove an action filed in state court to federal court if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction is limited: federal courts may entertain only those cases involving a question of federal law or those where parties are of diverse citizenship. *See id.* §§ 1331–32. In diversity cases, the citizenship of each plaintiff must be diverse from the citizenship of each defendant, and the amount in controversy must exceed $75,000. *Id.* § 1332. The party invoking federal jurisdiction has the burden of establishing it. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Congress has deemed certain actions to be "nonremovable." *See* 28 U.S.C. § 1445. Of particular import in the instant action, "[a] civil action in any State court *arising under* the workmen's compensation laws of such State may not be removed to any district court of the United

States." *Id.* § 1445(c) (emphasis added). The TWCA provides, in part, "that in an action against a nonsubscribing employer for personal injuries or death sustained by an employee, the employer may not rely upon certain common law defenses, and the employee must prove negligence." *Pyle v. Beverly Enters.-Tex., Inc.*, 826 F. Supp. 206, 209 (N.D. Tex. 1993) (citation omitted).

## III.

## ANALYSIS

The issue here is whether the Rodgers' negligence, gross negligence, and negligence *per se*[1] claims "arise under" the TWCA, as any action arising under that statute is not removable. *See* 28 U.S.C. § 1445(c). The Rodgers argue that "a nonsubscriber claim under the Texas workers' compensation laws cannot be removed." Doc. 9, Pls.' Mot. to Remand ¶ 12. R & L, on the other hand, contends that "nonsubscriber negligence/gross negligence claims . . . arise under the common law and are removable." Doc. 11, Defs.' Resp. 7. R & L is correct.

This Court has ruled "that an employee's negligence (and gross negligence) claims against a nonsubscribing employer do not 'arise under' the TWCA." *Morris v. Home Depot U.S.A., Inc.*, No. 3:10-CV-2289-B, 2011 WL 711047, at *3 (N.D. Tex. Feb. 28, 2011). Rather, "they arise under Texas common law." *Id.* Other courts have since agreed. *See, e.g.*, *Muse v. Kroger Tex., L.P.*, No. 3:14-CV-3225-N, 2015 WL 11022866, at *1 (N.D. Tex. Mar. 3, 2015); *Rodriguez v. Home Depot U.S.A., Inc.*, No. EP-14-CV-175-PRM, 2014 WL 10183558, at *2 n.3 (W.D. Tex. Sept. 11, 2014). Therefore, the Rodgers' negligence and gross negligence claims do not arise under the TWCA and, thus, are removable.

---

[1] Neither party specifically addresses negligence *per se*. Because the negligence *per se* claim is one of the nonsubscriber claims, the Court must address whether it arises under the TWCA.

The same is true of their negligence *per* se claim. While an action arising under the TWCA is, indeed, not removable, the Rodgers' negligence *per se* claim does not arise under that statute. *See* 28 U.S.C. § 1445(c). "A suit arises under the law that creates the cause of action." *Ehler v. St. Paul Fire & Marine Ins. Co.*, 66. F.3d 771, 772 (5th Cir. 1995) (quoting *Jones v. Roadway Express Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991)). Here, the Rodgers' negligence *per se* claim is based upon federal safety regulations, not the TWCA. *See* Doc. 1-20, Second Am. Pet. ¶¶ 5–7, 10–14. Therefore, their negligence *per se* claim does not arise under the TWCA, so it is removable.

Accordingly, removal was proper, as the parties are otherwise completely diverse[2] and the amount in controversy exceeds $75,000.[3] *See* 28 U.S.C. § 1441; Doc. 1, Notice of Removal 1–4.

## IV.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion to Remand (Doc. 9).

**SO ORDERED.**

**DATED: July 7, 2016**.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiffs reside in and are citizens of Texas. Doc. 1, Notice of Removal 2. "Defendants are citizens of other states—Delaware, Ohio, and South Carolina—and not of Texas." *Id.*

[3] "The maximum damages sought are $35,000,000." *Id.* at 4.